IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MEDINA,

                                                                                ORDER

                      Plaintiff,

                                                                                 10-cv-45-slc[1]

     v.

SERGEANT MCDONALD,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 1, 2010, I dismissed plaintiff Christopher Medina's proposed complaint, concluding that plaintiff failed to state a claim for retaliation against defendant Sergeant McDonald. Now before the court is plaintiff's motion for reconsideration of the dismissal. Petitioner's motion is without merit and will be denied.

       In his motion for reconsideration, plaintiff does not raise any arguments or allege any facts that were not included in his original complaint. In plaintiff's complaint, he contended that defendant retaliated against him for asserting his constitutional rights. I explained to plaintiff that to state a claim for retaliation against defendant, plaintiff must (1) identify a

---

[1] For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

constitutionally protected activity in which he was engaged; (2) identify one or more retaliatory actions taken by defendant that would likely deter a person from engaging in the protected activity in the future; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was a motivating factor in defendant's decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009) (citing Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008). I concluded that plaintiff may have pleaded the first element of a retaliation claim. However, I concluded that plaintiff did not satisfy the second element because he had not experienced an adverse action that would likely deter constitutionally protected activity in the future. Plaintiff was playing his radio loudly and defendant seized the radio. After plaintiff protested defendant's seizure of the radio, defendant issued a conduct report to plaintiff for playing his radio too loudly. Although plaintiff alleges that defendant omitted facts both in the conduct report and at a disciplinary hearing held on the conduct report regarding defendant's initial seizure of the radio, defendant's omissions did not cause plaintiff to suffer any harm because the disciplinary charge was dismissed. As I explained to plaintiff, "[a] single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action," Bridges, 557 F.3d at 555, because a prisoner who is not harmed will not be deterred from exercising his constitutional rights in the future. Plaintiff alleges in his motion for reconsideration that he is afraid that defendant will attempt to harm plaintiff in the future

2

by lying. However, plaintiff's concern about whether defendant will issue misleading conduct reports or testify falsely in the future does not provide sufficient basis to sustain a § 1983 action against defendant right now. Plaintiff is free to file a lawsuit against defendant in the future if defendant violates plaintiff's constitutional rights and causes plaintiff harm.

## ORDER

IT IS ORDERED that plaintiff Christopher Medina's motion for reconsideration, dkt. #8, is DENIED.

Entered this 12th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge